In the Matter of the Assignment of THOMAS J. REILLY to MICHAEL HARRISON for the Benefit of Creditors.

EMPIRE BRICK AND SUPPLY COMPANY and Others, Appellants; AGNES T. HARRISON, Respondent.

First Department, December 20, 1918.

Assignment for benefit of creditors — death of assignee — when widow and executrix of will of deceased assignee not entitled to appointment as substituted assignee.

The widow and executrix of the will of a deceased assignee for the benefit of creditors should not be appointed as substituted assignee in the place of her husband over the objection of creditors who claim that the deceased assignee was dilatory in the performance of his trust, failed to prosecute claims with diligence, made improper payments to counsel, and that his account is bound to be surcharged in substantial amounts.

But if an accounting in the estate and final settlement were a mere matter of formal procedure and no question were raised as to the due and proper administration of the estate in the hands of the original assignee for the purpose of curtailing expense or bestowing upon the widow of the assignee the commissions due upon an accounting and to facilitate the formal discharge of the assignee of the insolvent estate, it would be entirely proper to appoint the executrix of the will of the deceased assignee as substituted assignee.

APPEAL by Empire Brick and Supply Company and others, as creditors, from so much of an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 5th day of October, 1918, as appoints Agnes T. Harrison substituted assignee of Thomas J. Reilly in the place and stead of her testator, Michael Harrison, deceased.

*Bernard Cowen* of counsel [*A. Frank Cowen,* attorney], for the appellants.

*William F. Delaney* of counsel [*George J. Gillespie* with him on the brief; *Gillespie & O'Connor,* attorneys], for the respondent.

First Department, December, 1918. [Vol. 185.

MERRELL, J.:

This is an appeal by certain creditors of one Thomas J. Reilly, an insolvent debtor, from that part of an order entered in the New York county clerk's office on October 5, 1918, which appointed Agnes T. Harrison, widow and executrix of the estate of Michael Harrison, deceased, as substituted assignee of said Thomas J. Reilly in the place and stead of her said husband, who was the original assignee named in the assignment of said insolvent debtor, and directing the delivery of the property and assets of said assigned estate to said substituted assignee.

The assignor made a general assignment for the benefit of his creditors to said Michael Harrison in December, 1903. The assignee died August 12, 1918, never having accounted for his acts as such assignee. On August twenty-seventh following his death application was made in behalf of the creditors of said assigned estate for an order appointing a substitute assignee in the place and stead of the deceased assignee, and for an order for service of notice of application for the appointment of said substitute assignee on the creditors mentioned in the schedules filed. Such notice was ordered and given. Thereupon the widow and executrix of the deceased assignee, who was brought in as a party to the proceeding, filed with the Supreme Court her affidavit as to the condition of the assigned estate, and praying that, as executrix of her husband's estate, she be substituted as assignee of the estate of said insolvent debtor in the place and stead of Michael Harrison, deceased, upon filing security in due form of law, and stating her willingness to accept the trust created in the assignment herein. An order was made and entered on October 5, 1918, naming the said Agnes T. Harrison as substituted assignee of said Thomas J. Reilly upon filing a proper bond in the sum of $15,000, conditioned for the faithful discharge of her duties as said substituted assignee, and directing all individuals, firms and corporations, and all banks and trust companies, having in their possession or under their control any assets of the assigned estate, to turn over and deliver the same forthwith to the said substituted assignee. According to the affidavit of the attorney for the deceased assignee, filed on behalf of the application of the said executrix for

her appointment as substituted assignee, the assets of the assigned estate now consist of moneys deposited in trust companies to the credit of the original assignee, to the amount of $7,386.10.

The appointment of the executrix as substituted assignee was opposed by the attorney for the creditors of the assigned estate, and the affidavit of the attorney for said creditors was filed in opposition to such appointment. Their objections, however, were overruled, and the order appealed from was granted. The opposing creditors urge the impropriety of the appointment of the executrix of the deceased assignee. They base their objections upon the fact that the acts of the deceased assignee during his incumbency will be assailed in several particulars. They allege that the deceased assignee was dilatory in the performance of his trust; that he allowed outstanding accounts to become stale, and failed to prosecute collection thereof with diligence, and delayed disposing of uncollected accounts for over eleven years, until the Statute of Limitations had run thereon. They also criticise amounts paid counsel by the deceased assignee for services rendered in what may be adjudged to be needless litigation in connection with his administration of the insolvent estate, and that such counsel fees were improper and excessive in amount. They suggest the possibility of costs being incurred in the matter of accounting proceedings because of the assignee's neglect and misconduct in failing to diligently administer the estate. They criticise the payment by the deceased to himself of commissions which he would not be entitled to receive, if it transpires that the administration of the trust by him was so negligent and improvident as to forfeit all claim or right thereto. They also suggest the mingling of the assigned estate with the assignee's personal funds, and a liability by reason thereof. They also question the payment by the assignee from funds of the estate of premiums on substitute bonds which were not required in the due and diligent administration of the estate. They insist that the account of the deceased assignee of his acts in relation to his trust is bound to be surcharged in substantial amounts, and that the executrix, if appointed substituted assignee, will be placed in the position of demanding and claiming from herself, as

executrix, the amount with which the account of her deceased husband may be thus surcharged, and that if not paid, it would be necessary for her to bring action or contempt proceedings against herself, with obviously embarrassing consequences; and that she will be in the position of requiring representation by attorneys in two antagonistic capacities. In short, that she will be placed in a position, as substituted assignee, hostile to that which she must occupy as personal representative of her deceased husband.

It seems to me that, under the peculiar circumstances of this case, there is a grave impropriety in naming the deceased assignee's widow and executrix as such substituted assignee. As was said by Mr. Justice INGRAHAM in *People's Bank* v. *Fancher* (21 N. Y. Supp. 545): " No man should be placed in such a position that the performance of one duty would require him to be negligent in or avoid the performance of another and clearly imperative duty."

If an accounting in this estate and final settlement were a mere matter of formal procedure and no question were raised as to the due and proper administration of the estate in the hands of the original assignee, for the purpose of curtailing expense or bestowing upon the widow of the assignee the commissions due upon an accounting, and to facilitate the formal discharge of the assignee of the insolvent estate, it would be entirely proper to appoint the executrix of the will of the deceased assignee as substituted assignee. But there are too many objectionable features presented, and the objections raised are of too much substance to justify such appointment in the instant case. No reasonable excuse is offered for a delay of nearly fifteen years in closing up this estate and in paying the creditors the amounts their due from the assigned estate. The assets of the assigned estate remaining in the hands of the original assignee at the time of his death, as admitted by his executrix, will be insufficient to meet the claims of creditors. It is, therefore, of prime importance that the fund available for payment of just demands against the assigned estate be as nearly sufficient therefor as may be. To that end the estate, in its existing situation, should be under the supervision and control of an entirely disinterested assignee, who should be appointed as the officer

of the Supreme Court, into whose custody the estate fell upon the death of the original assignee. Such substituted assignee should be entirely disinterested between the parties, and who, under proper bonds and under the supervision of the court, will be able, efficiently and without embarrassment, to protect the rights of all parties concerned.

I think the order so far as appealed from should be reversed, with ten dollars costs and disbursements, and the matter remitted to the Special Term for the appointment of a proper substituted assignee.

CLARKE, P. J., LAUGHLIN, SMITH and PAGE, JJ., concurred.

Order so far as appealed from reversed, with ten dollars costs and disbursements, and matter remitted to the Special Term for appointment of a proper substituted assignee. Order to be settled on notice.